**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**FIRST TENNESSEE BANK NATIONAL
ASSOCIATION,**

      **Plaintiff,**

**v.**             **Case No. 2:10-cv-02513-JPM-cgc**

**REPUBLIC MORTGAGE INSURANCE
COMPANY and REPUBLIC MORTGAGE
INSURANCE COMPANY OF NORTH
CAROLINA,**

      **Defendants.**

**ORDER COMPELLING FIRST TENNESSEE TO RESPOND
TO DEFENDANTS' REQUESTS FOR PRODUCTION**

### I. Introduction

On July 5, 2011, the Magistrate Judge entered an Order Granting in Part and Denying in Part

Defendants' Motion to Compel Plaintiffs' Production of Documents.  (Docket Entry "D.E." #86).

On July 28, 2011, Plaintiff First Tennessee Bank National Association ("First Tennessee") filed

Objections to and an Appeal from the Magistrate Judge's Order ("Objections") (D.E. #91).  On

August 15, 2011, the District Court entered an Order Affirming in Part and Reversing in Part the

Magistrate Judge's Order.  (D.E. #100).

With respect to First Tennessee's objection that responding to certain discovery requests

would create an undue burden[1], the District Court stated that, while neither party provided a transcript of the motion hearing before the Magistrate Judge, it appears that First Tennessee's undue-burden argument is uncontroverted on the record. The District Court concluded that First Tennessee had offered the Declaration of Mark Livingston ("Declaration"), Senior Vice President and Directory–Business Continuity, Disaster Recovery and Records Management, who is responsible for maintaining First Tennessee's books and records, in response to the Motion to Compel. (See D.E. #67-13, ¶ 1). Livingston stated that producing all of the quality control information sought by RMIC would involve enormous effort and great expense. (Id. ¶¶ 10-11, 17, 21, 23). The District Court concluded that, while the Magistrate Judge might have credited or rejected Livingston's claims, it was not expressly cited or mentioned in the July 5, 2011 Order. Accordingly, the District Court reversed the Magistrate Judge's Order as to this issue and remanded to the Magistrate Judge for further consideration in light of the Order.

On September 16, 2011, the Magistrate Judge held a status conference in light of the District Court's Order. The Magistrate Judge ordered that First Tennessee submit a supplemental declaration from Livingston ("Supplemental Declaration"), and First Tennessee complied on October 7, 2011. The Supplemental Declaration sets forth in greater detail the burden that First Tennessee would bear if it were compelled to respond to the enumerated Requests for Production. The Supplemental Declaration provides extensive detail regarding the storage format of potentially responsive documents—both hard copy and electronic—as well as Livingston's suppositions as to the amount of effort required to comply. First Tennessee argues that the undue burden is further

---

[1] According to First Tennessee's July 28, 2011 Objections, the specific discovery requests asserted to impose an undue burden RMIC'S Requests for Production Numbers 20, 22, 23, 29, 30, 34, 46, 47, 49, 50, 51, 52, 53, and 55.

compounded by RMIC's requests for generic topics rather than specific documents, and it requests that if any discovery is to be allowed, that the Court should order RMIC to more narrowly tailor its requests.

On October 21, 2011, Defendants filed their Response to Livingston's Supplemental Declaration.[2]  Defendants stated that the Magistrate Judge concluded at the September 16, 2011 status conference that the Livingston Declaration was inadequate to establish undue burden, and Defendants further argued that the Supplemental Declaration suffers from the same defects as the initial Declaration.  Namely, Defendants argue that the Supplemental Declaration only broadly states that it would be too difficult to locate the relevant, responsive documents but fails to supply any detail or reflect any real investigation into the issue of burden.

With respect to the assessment of the burden of compliance, Defendants argue that Livingston has not actually conducted an investigation but instead provides only information based upon his generalized anticipations.  Thus, Defendants argue that Livingston lacks personal knowledge as to the burden imposed by compliance and that, as such, his statements are not credible. Further, Defendants argue that First Tennessee's "primary challenge" in complying with their discovery requests arises from its own "failure to adequately index its documents when it put them into storage after selling the mortgage business in 2008—a problem of its own creation that cannot sustain the objection."

---

[2]  First Tennessee's Supplemental Declaration mentions *fourteen* discovery requests at issue and does not reference Request for Production 47.  RMIC's Response asserts that there are *fifteen* discovery requests at issue, apparently relying on First Tennessee's claims in its Objections  As the District Court has remanded the issue to the Magistrate Judge based upon the Objections, the Magistrate Judge will consider all discovery requests objected to, including Request for Production 47.

Ultimately, Defendants state that the Supplemental Declaration merely reflects First Tennessee's refusal to comply in good faith with its discovery obligations in the litigation that it brought against RMIC.  RMIC proposes that First Tennessee would be able to search its systems with "common sense parameters, such as document custodian, date, and department" and that not doing so is merely an "impractical approach to document collection."

## II. Analysis

The sole issue before the Magistrate Judge on remand is whether First Tennessee would be unduly burdened to respond to certain discovery requests propounded by Defendants.  Several overarching principles guide this inquiry. First, a party must provide competent proof demonstrating the burden faced to comply with the request. *Anderson v. Dillards, Inc.*, 251 F.R.D. 307, 311 (W.D. Tenn. 2008).  A general statement that discovery is unduly burdensome will not suffice.  *Id.*

Second, the fact that a party maintains its documents in a manner than makes access difficult is not an excuse for refusing to produce relevant documents.  *See, e.g.*, *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976).  Otherwise stated, to "allow a [party] whose business generates massive records to frustrate discovery by creating an inadequate filing system," including a "indexing scheme over which [the opposing party] has no control," and then "claiming undue burden, would defeat the purposes of the discovery rules."  *Id.*; *accord Alliance to End Repression v. Rochford*, 75 F.R.D. 441, 447 (N.D. Ill. 1977) (concluding that objection due to difficulty of producing materials that are "not stored in an organized filing system" is "totally without merit").

Finally, the Court must consider whether the claimed hardship is unreasonable in light of the benefits to be secured from the discovery.  *See, e.g. Swackhammer v. Sprint Corp., PCS*, 225 F.R.D. 658, 666 (D. Kan. 2004).  "The mere fact that responding to a discovery request will require [a

party] to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request." *Capetta v. GC Services Ltd. Partnership*, No. 3:08 CV 288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) (internal quotations and citations omitted).

With respect to the competency of the proof, the Court is satisfied that Livingston's Supplemental Declaration properly articulates the bases for First Tennessee's opposition to the motion. While all estimations must be based to a large extent on supposition before the discovery is actually completed, the Court finds that Livingston has provided more than general or conclusory objections of undue burden. Livingston has set forth precisely what types of documents may potentially be responsive to each category of discovery requests and how such documents may be stored. Livingston has estimated to the best of his knowledge the amount of time and cost that may be required to respond. To ask First Tennessee to delve further into the process of discovery to provide even more refined estimates of the burden of compliance before any compliance is even required would not be appropriate. Accordingly, the Court accredits Livingston's Supplemental Declaration and will consider it along with Livingston's Declaration in determining whether First Tennessee would face undue burden in responding to the propounded discovery.

With respect to the substance of First Tennessee's claims, the Court concludes that the majority of First Tennessee's objections relate to the manner in which the documents are organized, stored, and made accessible. However, courts have clearly and routinely held that a company cannot refuse to respond to otherwise relevant discovery on the grounds that its records are not kept in a manner that streamlines responding. Thus, despite Livingston's detailed descriptions of the difficulty of retrieving and reviewing potentially responsive documents, this does not provide

sufficient grounds to refuse to produce relevant discovery.

Ultimately, the only basis upon which this Court could conclude that First Tennessee should not be compelled to respond to Defendants' discovery requests is if the hardship is unreasonable in light of the benefit to be secured by the discovery. The Court has already outlined the benefits of these discovery requests in its July 5, 2011 Order. While it is undoubtedly true that First Tennessee will have to expend considerable time and expense to respond to the discovery requests, the Court does not find any undue burden exists in the instant case. Accordingly, upon remand, the Court concludes that First Tennessee shall be compelled to respond to Defendants' Requests for Production.

### III.  Conclusion

For the reasons set forth herein, First Tennessee is hereby ORDERED to respond to Defendants' Requests for Production Numbers 20, 22, 23, 29, 30, 34, 46, 47, 49, 50, 51, 52, 53, and 55.

**IT IS SO ORDERED** this 8th day of December, 2011.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE